

# The Attorney General of Texas

November 22, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joseph N. Murphy, Jr.
Executive Director
Employees Retirement System of
  Texas
Box 12337
Capitol Station
Austin, Texas 78711

Opinion No. H-1095

Re: Eligibility of
certain county attorneys
for participation in the
Employees Retirement
System.

Dear Mr. Murphy:

You have requested our opinion concerning the following question:

> Is a county attorney who receives compen-
> sation from the State for performing the
> duties of a district attorney eligible for
> inclusion in the elective official class
> of membership in the Employees Retirement
> System?

You specifically refer to those county attorneys who perform the duties of district attorneys pursuant to article 332b-1, V.T.C.S., as amended by Acts 1977, 65th Leg., ch. 742, at 1866, and question the relationship of this amendment to that of article 6228a, V.T.C.S., which establishes membership criteria for the Employees Retirement System. Acts 1977, 65th Leg., ch. 279, at 745.

In Attorney General Opinion H-473 (1974) we ruled that state-paid criminal district attorneys were eligible for membership to the extent of their compensation from the State. See also Attorney General Opinion M-1087 (1972). The opinion was based upon our conclusion that a criminal district attorney was a type of district attorney and thus eligible under section 3(B)(1) of article 6228a, V.T.C.S. Pursuant to this decision, your office has adopted a policy by which a county attorney is eligible if he is performing the duties of a district attorney and is paid by the State pursuant to article 332b-1, V.T.C.S. Your administrative construction of an ambiguous provision of

article 6228a, see Attorney General Opinion H-473 (1974), is entitled to weight.  Calvert v. Kadane, 427 S.W.2d 605 (Tex. 1968).  Your question is whether this policy should remain in effect after the January 1, 1978, effective date of the amendments to article 6228a.

The amendment to section 3A of article 6228a in part establishes two classes of members, elective state officials and appointive officers or employees, providing:

> [T]he elective state official class shall
> be all statewide elected officials, mem-
> bers of the State Legislature, and dis-
> trict attorneys receiving salaries paid
> by the state General Revenue Fund who
> choose to become members. . . . The
> elective state official class shall not
> include any other elective official of a
> district, county, or municipality, nor of
> the court system of the State of Texas.

Acts 1977, 65th Leg., ch. 279, at 745.  The amended portion of section 3A is virtually identical in relevant respect to the provision under which your policy was adopted.  Both versions permit district attorneys paid by the State to become members, while excluding other elective district and county officials. The Legislature thus amended the statute without changing the effect of your administrative construction, and must be deemed to have accepted it.  Calvert v. Houston Lighting & Power Co., 369 S.W.2d 502 (Tex. Civ. App. -- Austin 1963, writ ref'd n.r.e.).  Since the State is paying the salaries of the subject attorneys, it would be reasonable for the Legislature to include them within the membership of the Employees Retirement System and to match their contributions which come indirectly from the General Fund.  We believe that the Legislature intended county attorneys who perform the duties of district attorneys and are paid by the State to be considered district attorneys under the amendment.  Otherwise he might be precluded from receiving credit for the state-paid service from any retirement system.  See V.T.C.S. art. 6228g, § 6, 11(a).

Our interpretation of the legislative intent with respect to article 6228a, section 3A is supported by the language of the amended article 332b-1.  This statute provides in part:

> [Enumerated counties], in all of which
> counties there is either the office of
> criminal district attorney or the office
> of county attorney performing the duties

of a district attorney, the official
performing such services shall be com-
pensated for his services by the State
in such manner and in such amount as may
be fixed by the general law relating to
the salary to be paid to district attor-
neys by the State.

Acts 1977, 65th Leg., ch. 742, at 1866.  Retirement benefits
are a form of compensation.  Byrd v. City of Dallas, 6 S.W.2d
738 (Tex. 1928).  Consequently, article 332b-1 requires that
the subject county attorneys be granted the same retirement
benefits as district attorneys, and in our opinion county
attorneys subject to article 332b-1 are eligible for membership
in the Employees Retirement System as elective state officials
under the amendments to article 6228a.

### S U M M A R Y

County attorneys governed by article
332b-1 are "district attorneys receiv-
ing salaries paid by the state General
Revenue Fund" within the terms of arti-
cle 6228a as amended by Acts 1977, 65th
Leg., ch. 279, at 745.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst